IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC - 8 2011
CLERK, U.S. DISTRICT COURT
by_____
    Deputy

WARREN BRAZIEL,                §
                               §
          Petitioner,          §
                               §
v.                             §   No. 4:11-CV-557-A
                               §
RICK THALER, Director,         §
Texas Department of Criminal   §
Justice, Correctional          §
Institutions Division,         §
                               §
          Respondent.          §

## MEMORANDUM OPINION
## and
## ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Warren Braziel, a state prisoner currently incarcerated in Rosharon, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On May 16, 2007, a jury convicted petitioner of aggravated assault with a deadly weapon in the Criminal District Court Number One of Tarrant County, Texas, and assessed his punishment

at 10 years' confinement. (State Habeas R. at 66[1]) Petitioner appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment on June 26, 2008. (*Id.* at 68-77) Petitioner did not file a petition for discretionary review; thus his conviction became final under state law on July 28, 2008.[2] *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). On September 5, 2008,[3] petitioner filed a state postconviction application for habeas relief, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on August 25, 2010. (State Habeas R. at cover)

---

[1]"State Habeas R." refers to the state court record of petitioner's state habeas application no. WR-74,201-01.

[2]July 26, 2008, fell on a Saturday. Therefore, petitioner had until Monday, July 28, 2008, to file a timely petition for discretionary review.

[3]Historically, the prison mailbox rule did not apply to state habeas applications from inmates in Texas. *See Howland v. Quarterman*, 507 F.3d 840, 843-44 (5th Cir. 2007). However, the Texas Court of Criminal Appeals has adopted the prisoner mail box rule that a document is deemed filed at the time it is delivered to prison authorities for mailing in the prisoner context. *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010). Nevertheless, Fifth Circuit precedent holds the prison mailbox rule does not apply to the filing of a state habeas petition for purposes of calculating the federal statute of limitations, and this court is bound by such precedent. *Howland*, 507 F.3d at 844. Furthermore, the petition does not reflect the date it was placed in the prison mailing system for mailing.

This federal petition is deemed filed on August 1, 2011,[4] in which petitioner raises four grounds challenging his 2007 conviction. Respondent, Rick Thaler, contends the petition is untimely.

## II. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been

---

[4]*Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998).

> discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, petitioner's conviction became final on July 28, 2008, triggering the one-year limitations period, which expired one year later on July 28, 2009, absent any tolling. See Roberts, 319 F.3d at 694.

Petitioner's state habeas application pending from September 5, 2008, through August 25, 2010, tolled the running of the federal period for purposes of § 2244(d)(2) for 720 days, making petitioner's federal petition due on or before July 18, 2011. Petitioner has neither alleged nor demonstrated that he is entitled to additional tolling as a matter of equity. See Holland v. Florida, — U.S. —, 130 S. Ct. 2549, 2552 (2010); Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). Petitioner's unfamiliarity with the legal process and lack of knowledge of

4

filing deadlines do not excuse prompt filing and are not grounds for equitable tolling.[5] See *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Petitioner's federal petition was due on or before July 18, 2011. Accordingly, his petition filed on August 1, 2011, is untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a

---

[5]Petitioner incorrectly argues that he had one year from August 25, 2010, the date the Texas Court of Criminal Appeals denied his state habeas application, or until August 25, 2011, to file a federal petition. (Pet'r Reply at 1-2)

constitutional right or that his petition was timely filed.

SIGNED December____8____, 2011.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE